# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 10-cr-362 |
| v. | ) Judge Ronald A. Guzmán |
| ASKIA EUBANKS | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Court denies Defendant's Motion Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [42].

## STATEMENT

On January 13, 2011, Defendant pleaded guilty to conspiring to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846. At sentencing, the Court determined that Defendant was a career offender and thus calculated his sentence according to United States Sentencing Guidelines ("Guidelines") Section 4B1.1(b)(2). Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), claiming that a recent amendment to the Guidelines reduced the applicable sentencing range.

In relevant part, Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "[he] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under Section 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor,* 773 F.3d 667, 672 (7th Cir. 2015).

In the instant case, Defendant believes Guidelines Amendment 782 lowered the base offense level applicable to him, but he is mistaken. While Amendment 782 indeed lowered the penalties for most drug offenses in Guidelines Section 2D1.1, *see* U.S.S.G App. C., Amend. 782, it did not affect the sentencing range for career offenders sentenced pursuant to Guidelines Section 4B1.1. *See United States v. Perry*, No. 06 CR 963, 2015 U.S. Dist. LEXIS 113633, at *3 (N.D. Ill. Aug. 27, 2015) (holding that Amendment 782 does not apply to sentences made pursuant to Guidelines Section 4B1.1); *United States v. Williams*, No. 04 CR 12, 2015 U.S. Dist. LEXIS 46289, *6 (N.D. Ill. Apr. 9, 2015) (same). As it is undisputed that Defendant was correctly sentenced as a career offender under Section 4B1.1,[1] it follows that Amendment 782 has no bearing on his sentence, and his base offense level remains exactly what it was at the time of sentencing. Therefore, Defendant has no basis for relief under Section 3582(c)(2), and his motion is accordingly denied.

---

[1] Defendant, who is represented by counsel, effectively admits this in his one-page reply brief: "The Defendant offers no reply to [the] Government's response other than that pursuant to the language of 5K1 contained in the entered plea of this Defendant." (Def.'s Rep. Br., [Dkt. # 45], at 1.) Putting aside the precise issue on this motion (whether Amendment 782 lowered Defendant's guideline range), the Court cannot discern what Defendant hopes to accomplish with respect to "the language of 5K1" and his plea agreement. This argument was not raised in his opening brief, it is underdeveloped, and it is therefore waived. *See Luellen v. City of E. Chi.*, 350 F.3d 604, 610 (7th Cir. 2003).

## **CONCLUSION**

The Court denies Defendant's Motion Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [42].

**SO ORDERED.**                                    **ENTERED:   December 22, 2015**

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**